76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Haral Guillermo OLIVA; Rita Marina Oliva, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70502.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1995.*
Decided Dec. 11, 1995.
 
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Based on the inconsistency between Oliva's written application and his testimony, the Immigration Judge ("IJ") found that Oliva was not credible. In his testimony before the IJ, Oliva testified that his membership and participation in specific political organizations placed him in danger. However, Oliva failed to mention his membership in these political organizations on his written application. The only explanation Oliva offered for this omission was that he did not prepare the application himself. Therefore, the IJ's adverse credibility finding is supported by substantial evidence. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992)
 
 
 3
 Oliva argues that the BIA failed to perform a sufficient review of the record in its "terse, page-and-a-half boilerplate" decision and disregarded specific evidence of threats. The BIA reviewed the record, the IJ's decision, and the petitioner's contentions on appeal and found that the IJ "adequately and correctly addressed the issues raised on appeal."
 
 
 4
 In reviewing a petition for asylum and withholding of deportation, the BIA may adopt the IJ's findings of fact and defer to the IJ's exercise of discretion. Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). Independent review does not preclude the Board from adopting the reasons set forth in the IJ's opinion. Matter of Burbano-Burgos, Interim Dec. 3229 (BIA 1994).
 
 
 5
 Therefore, given the fact that Oliva did not raise any specific issues on appeal to the BIA, the BIA adequately reviewed and addressed his contentions by reviewing the record and adopting the IJ's reasons for the adverse credibility finding.
 
 
 6
 We also affirm the BIA's grant of voluntary departure.
 
 
 7
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3